### In re MONTGOMERY COURT APARTMENTS OF INGHAM COUNTY, LTD., Debtor.

**Bankruptcy No. 2–90–07782.
EIN: 38–2567292.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

April 19, 1991.

---

Mark A. Beatrice, Manchester, Bennett, Powers & Ullman, Youngstown, Ohio, for debtor.

Grady L. Pettigrew, Jr., Arter & Hadden, Columbus, Ohio, for Greyhound Leasing and Financial Corp.

Leonard A. Carlson, Schottenstein, Zox & Dunn, Columbus, Ohio, for information purposes only.

Jay Alix, Jay Alix & Associates, Southfield, Mich., Chapter 11 trustee.

Michael L. Cook, Sally M. Henry, Skadden, Arps, Slate, Meagher & Flom, New York City, Marilyn Shea–Stonum, Jones, Day, Reavis & Pogue, Columbus, Ohio, for trustee.

Leon Friedberg, Benesch, Friedlander, Coplan & Aronoff, Columbus, Ohio, for the Official Committee of Unsecured Creditors.

Harvey S. Minton, Minton & Leslie, Columbus, Ohio, Charles J. Taunt, Charles J. Taunt & Associates, Birmingham, Mich., Gary H. Cunningham, Kramer Mellen, P.C., Southfield, Mich., Sp. Counsel to the Trustee of the Consolidated Estate.

Elliott D. Hefler, General Counsel, Cardinal Industries, Inc., Columbus, Ohio.

## OPINION AND ORDER ON MOTION TO EXTEND EXCLUSIVITY PERIOD

BARBARA J. SELLERS, Bankruptcy Judge.

### I. *Preliminary Matters*

This matter is before the Court upon the motion of Montgomery Court Apartments of Ingham County, Ltd. ("Montgomery Court" or "Debtor") to enlarge the exclusive period within which it may file a plan of reorganization. Greyhound Financial Corporation ("Greyhound") objected to the motion. At the conclusion of a hearing on April 15, 1991, the Court orally granted the motion.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(A).

### II. *Facts*

Montgomery Court is one of approximately 265 Chapter 11 limited partnership cases related to the substantively consolidated Chapter 11 cases of Cardinal Industries, Inc. and its corporate subsidiaries (collectively the "Cardinal Enterprise Cases"). Cardinal Industries, Inc. ("CII") is the managing general partner of this Debtor which filed its voluntary petition under Chapter 11 of the Bankruptcy Code on November 19, 1990. Since that filing Montgomery Court has had a change in designated counsel because of a conflict discovered by its former counsel. It has also negotiated a cash collateral arrangement and has responded to a relief from stay motion filed by Greyhound. The Debtor contends that the time required for those activities, along with the general complexity of the Cardinal Enterprise Cases, constitutes cause for extending its exclusivity period.

Greyhound contends that the activities cited are routine and that the complex nature of the Cardinal Enterprise Cases is insufficient to demonstrate "cause" for the extension of an exclusivity period under 11 U.S.C. § 1121(d). Greyhound asserts that Montgomery Court must establish cause and must make an affirmative showing that it can successfully reorganize before the Court may grant an extension of the exclusivity period. There was no indication that Greyhound plans to file a plan of reorganization.

Attempts by partnership debtors in Cardinal Enterprise Cases to extend their exclusivity periods are not new to the Court. In most instances first requests for such relief have been orally granted. Because repetitive hearings on such motions are occupying extended time, however, this written opinion is being made to better inform parties of the basis for such rulings.

### III. *Discussion*

The exclusivity period within which a Chapter 11 debtor may file a plan of reorganization is governed by 11 U.S.C. § 1121. That period may be extended or reduced for "cause." 11 U.S.C. § 1121(d). Although the Bankruptcy Code does not define "cause," the legislative history indicates that an extension should not be used as a delay tactic and a debtor seeking an extension should make a showing "of some probable success" in formulating a plan. H.R.Rep. No. 595, 95th Cong., 1st Sess. 406, U.S.Code Cong. & Admin.News 1978, p. 5787.

Evidence taken by this Court has repeatedly shown that 120 days is not sufficient time for a Cardinal Enterprise Case partnership debtor to formulate a plan of reorganization and prepare a disclosure statement. Although each partnership typically has only one primary asset, the partnership cases cannot be advanced without the work of employees of the general partner or one of its subsidiaries. That general partner and all its subsidiaries and affiliates are also in Chapter 11 cases. All of the partnerships in Chapter 11 depend upon a few individuals to prepare economic projections, formulate a plan and draft a disclosure statement. Those individual employees of the general partner or its subsidiaries also have other duties to perform. When a partnership Cardinal Enterprise Case is filed, that debtor must take its place in the reorganization process. That place is determined primarily by its bankruptcy filing date. For Montgomery Court, its place in that process means there are presently 96 partnership cases before it.

The Court realizes that parties often are frustrated by the length of the reorganization process in the Cardinal Enterprise Cases. It is essential, however, that each party wait its turn, based upon the respective filing date of the partnership in which it is involved. Otherwise, attempts to jump ahead in line become a source for yet more nonsubstantive litigation and delay. This may not be the rule for Chapter 11 cases generally, but all involved must accept that the Cardinal Enterprise Cases are not "ordinary."

The Court will no longer permit its limited time to be used hearing repetitive evidence on motions for the first extension of the exclusivity period. Absent unusual circumstances, such motions will hereafter be granted. Specific unusual circumstances, such as a belief that probable success in formulating a plan cannot or will not be shown, must be set forth and supported in the objection to the motion. If no unusual circumstances are alleged by the objecting party, the partnership debtor's first motion seeking an extension of its exclusive period will be granted without a hearing. Specifically, the Court is finding that in the ordinary partnership Cardinal Enterprise Case, the unique demands of the Chapter 11 process establish cause for one extension of the exclusivity period. Further requests for extensions will be heard if opposed.

### IV. *Conclusion*

Based upon the foregoing, the Court finds that Greyhound failed to present any unusual grounds for opposing Montgomery Court's motion. The Debtor presented evidence establishing "cause" for a 120–day extension. Therefore, Montgomery Court's motion to enlarge the exclusive period within which it may file a plan of reorganization is granted. The period within which acceptances of such plan may be solicited is also extended accordingly.

IT IS SO ORDERED.